**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In Re:

Danielle Marie Hopping               Chapter 13: 26-10151-DJB


 Danielle Marie Hopping               Adv no.:

        Plaintiff

v.

Exeter Finance LLC

        Defendant


Kenneth E West,

        Trustee

**COMPLAINT TO DETERMINE SECURED STATUS**

**PURSUANT TO 11 U.S.C. 506**

   The Plaintiff through her attorney, Michael A. Cataldo, states the following in support of the Complaint.


1- Debtor filed for protection under Chapter 13 on January 14, 2026.

2- Kenneth E. West was appointed as the trustee.

3- The Chapter 13 Plan [Doc 3] lists Exeter as a Secured Creditor with an allowed secured claim of $8,454.00 with present value interest of 4% for a total claim of $9,341.60 to be paid through the plan. Exhibit A.

4- Exeter filed a proof of claim on January 28, 2026 for $18,033,83 with the notation" no cramdown-910 claim" The proof of claim docketed as Claim 2 is attached as Exhibit B.

5- This debt involves a loan dated July 16, 2025which included a non-purchase money, non-possessory security interest in Debtor's 2018 Toyota Yaris.

6- The Note and Security Agreement attached to the proof of claim are true and correct and not disputed by the Plaintiff.

7- The Defendant's notation on the Proof of Claim is incorrect. A debtor in a Chapter 13 case can utilize 11 U.S.C. 506 to cram down a car loan, even if within 910 days of the filing, if the loan is a non-purchase money, non-possessory security interest. The 910 Rule only applies to purchase money security interests.

WHEREFORE the plaintiff requests that this Honorable Court enter an Order finding the Secured claim of Defendant to be $8,454.00

RESPECTFULLY SUBMITTED,

*Michael A. Cataldo, Esquire*

Gellert Seitz Busenkell & Brown
1201 N. Orange Street
Suite 300
Wilmington, DE 19801
(215)238-0015
mcataldo@gsbblaw.com